UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MCCOY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware Limited Liability Company; DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 15cv2366 DMS(AGS)<br><br>**ORDER DENYING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT** |

This case comes before the Court on the parties' joint motion for preliminary approval of class settlement agreement. The Court has reviewed the parties' joint motion and all documents submitted in support thereof, as well as the record in this case.

Although the settlement appears fair, reasonable and adequate in most respects, the Court has some concern about the *cy pres* component of the settlement. The Ninth Circuit requires "that there be 'a driving nexus between the plaintiff class and the *cy pres* beneficiaries.'" *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)). "A *cy pres* award must be 'guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members,' and must not benefit a group 'too remote from the plaintiff class[.]'" *Id.*

(citations omitted).  In this case, the Court certified a class on Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act.  The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Here, the parties selected Homeboy Industries as the proposed *cy pres* recipient, but they fail to explain the purpose of this organization and whether it is related to the claims certified for class treatment in this case.  Absent that information, the proposed *cy pres* recipient does not appear to meet the Ninth Circuit's standards, which precludes the Court from finding the settlement is fair, reasonable and adequate.  Accordingly, the motion is denied without prejudice.

**IT IS SO ORDERED**.

Dated:  June 25, 2019

Hon. Dana M. Sabraw
United States District Judge