UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MCCOY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware Limited Liability Company; DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 15cv2366 DMS(AGS)<br><br>**ORDER GRANTING CONDITIONAL FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This case comes before the Court on Plaintiffs' motion for final approval of class action settlement. Class members Taquelia Washington Toland and Georgia Toland filed objections to the proposed settlement. The motion came on for hearing on February 14, 2020. Michael Vivoli appeared on behalf of Plaintiffs, Jon Hubbard and Jessica Lohr appeared on behalf of Defendant, and Kristin Kemnitzer and Arthur Levy appeared on behalf of the Tolands. After reviewing the parties' briefs, the written objections and the responses thereto, and the record on file in this case, and after hearing oral argument from counsel, the Court grants final approval of the settlement subject to the conditions set out below.

/ / /

/ / /

# I.
# BACKGROUND

In July 2005, Plaintiff Thomas McCoy purchased the home at 11364 Hoydale Row in San Diego, California. To purchase the home, Plaintiff obtained a first and second mortgage from Countrywide Home Loans. Plaintiff refinanced those loans with Countrywide in 2006. In 2009, Plaintiff began experiencing financial difficulties, and stopped making payments on his second mortgage. In 2011, he sold the Hoydale property in a short sale approved by Bank of America, which bought out Countrywide. As part of that sale, Bank of America waived its "right to pursue collection of any deficiency following the completion of [the] short sale" and considered Plaintiff's debt "settled."

Despite these events, on July 15, 2013, Bank of America transferred servicing rights for Plaintiff's second mortgage to Defendant Nationstar "as part of a larger Mortgage Servicing Rights Purchase and Sale Agreement (the 'MSR Agreement')." Pursuant to the MSR Agreement, Defendant sent Plaintiff a letter stating his second mortgage had been transferred to Defendant. Defendant also sent Plaintiff a payment coupon listing the total amount due on Plaintiff's loan as $32,111.66 and the total amount owed as $110,261.63.

In response to that letter, Plaintiff contacted Defendant by phone and letter to dispute the alleged debt. Defendant thereafter sent a letter to Plaintiff, confirming its receipt of Plaintiff's letter and stating it was reviewing the short sale of Plaintiff's property.

That letter was the last communication from Defendant to Plaintiff until December 24, 2014. On that date, Defendant sent Plaintiff a letter stating it "intends to enforce the provisions of the Note and related Security Instrument." Defendant stated, "You must pay the full amount of the default on this loan by the thirty-fifth (35th) day from the date of this letter which is 01/28/2015 (or if said date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter)." Defendant also stated that as of December 24, 2014, "the amount of the debt owed is $43,871.76, which includes the sum of payments that have come due on and after the date of default 07/01/2009, any late charges, periodic

adjustments to the payment amount (if applicable), attorney fees and expenses of collection."

As before, Plaintiff notified Defendant that he disputed the debt by phone and by letter. Nevertheless, Defendant reported the debt to the credit reporting agencies for a four month period of time starting in January 2015 and continuing through April 20, 2015, at which time it "deleted the tradeline associated with Plaintiff's loan … in connection with Plaintiff's dispute." Defendant thereafter voided Plaintiff's loan on May 31, 2015, and has ceased its collection efforts.

Notably, Plaintiff never made any payments to Defendant in connection with its effort to collect on the loan. Nevertheless, on October 19, 2015, he filed the present case against Defendant on behalf of himself and all others similarly situated asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California's Credit Reporting Agencies Act ("CCRAA"), California's Unfair Competition Law ("UCL"), and claims for intentional and negligent misrepresentation.

Defendant moved for partial summary judgment on Plaintiff's debt collection claims to the extent they relied on conduct before October 19, 2014, and for summary judgment on all other claims. The Court granted that motion, and thereafter granted Plaintiff's motion for class certification on the debt collection claims arising from conduct occurring on or after October 19, 2014. Defendant later moved to decertify the class, which the Court denied.

Approximately four months later, the parties reached a settlement. The settlement agreement provides for a settlement fund of $172,750.00, to cover the payment of $150 to each class member and a $10,000 service award to Plaintiff. It also provides that Defendant will pay Class Counsel $375,000 in attorneys' fees from a separate fund. In exchange, class members would:

> finally and forever release and discharge the Released Parties of and from the
> Released Claims.... The Released Claims are released regardless of whether

> the Released Claims are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

The "Released Parties" are defined as "Nationstar Mortgage, LLC and each of its respective present, former and future affiliates, parents, subsidiaries, corporate family members, insurers, indemnitors, officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, vendors, and assigns, individually, jointly and severally." The "Released Claims" are defined as "all claims under the FDCPA, RFDCPA, and FDCPA State Equivalents based upon the FDCPA Letters, regardless of whether the claims were asserted in the Litigation." The "FDCPA Letter" is defined as "all correspondence sent to the Settlement Class Members, after October 19, 2014, including any Welcome Letter, Demand Letter, Account Statement, or any other correspondence, in an attempt to collect the purported debt."

The parties moved for preliminary approval of the settlement, which the Court denied due to problems with the *cy pres* recipient. The parties addressed that problem and filed another motion for preliminary approval of the settlement, which the Court granted.

Notice of the settlement was then provided to class members. The Notice informed class members that if the settlement was approved, they would receive a check in the amount of $150, Mr. McCoy would receive a service award of $10,000 and Class Counsel would receive fees in the amount of $375,000 from a separate fund. It also informed class members of their right to opt-out and their right to object to the settlement. Although the Notice provided an opt-out deadline, it did not provide a deadline to file objections. That deadline was included in the Court's order granting preliminary approval of the settlement, but that order was not included with the Notice.

The parties anticipated there would be 1,085 class members, but the total number of class members was 1,488. The Settlement Administrator attempted to provide Notice to all of those individuals, but as of December 23, 2019, sixty-eight notices were returned as

undeliverable. As of that date, the Settlement Administrator had received two requests for exclusion, and no objections.

However, on December 13, 2019, the Tolands filed their first set of objections to the settlement. In addition to apparently being members of the Class in this case, the Tolands are plaintiffs in another pending case against Nationstar and its subsidiary Veripro in the Northern District of California. *See Toland v. Nationstar*, Case No. 17cv2575-JD, United States District Court for the Northern District of California. In that class action case, the Tolands raise claims similar to those alleged in this case, specifically claims under the RFDCPA, the CCRAA and the UCL, based on conduct by Nationstar and Veripro similar to Nationstar's conduct in this case. Although Nationstar and its counsel had an obligation to file a Notice of Related Case in this case and the *Toland* case, *see* United States District Court for the Southern District of California, Civil Local Rule 40.1(f) (imposing obligation on party); United States District Court for the Northern District of California, Civil Local Rule 3-13 (imposing obligation on counsel), it did not do so. The only reason the Tolands were able to file objections is they received Notice of the settlement in this case, and their counsel were able to access the docket in this case and file objections by the court-ordered deadline.

After reviewing those initial objections and Plaintiff's response, the Court issued an order setting a briefing schedule on Plaintiff's motion for final approval of the settlement and any motion for attorneys' fees, and continued the final approval hearing. Plaintiff has now filed his motion for final approval, the Tolands have filed a second set of objections, and Plaintiff has filed a response.

The Tolands raise numerous objections to the proposed settlement, specifically its notice and release provisions as well as other aspects of the settlement. On the notice, they argue (1) it did not provide adequate information about the settlement, *e.g.*, by way of a settlement website, (2) it did not provide contact information for Class Counsel or the Settlement Administrator, (3) it did not provide sufficient information about objections, specifically when and how to file them, and (4) it does not satisfy Federal Rule of Civil

Procedure 23(h). On the settlement itself, the Tolands raise other objections. First, they argue Class Counsel did not analyze the factors set out in *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575-76 (9th Cir. 2004). Second, they assert the settlement does not reimburse class members who made payments to Nationstar. Third, the Tolands claim Class Counsel did not analyze any of the statutory factors for settlement under the FDCPA. Fourth, the Tolands object to the lack of any injunctive relief in the settlement. Fifth, the Tolands object to the lack of information about Plaintiff's separate settlement agreement with Nationstar. Sixth, the Tolands assert Nationstar's agreement to increase the settlement fund to include additional class members requires re-notice of the settlement to the Class. In challenging the Release, the Tolands argue it is overbroad in releasing (1) parties other than Nationstar, (2) claims based on letters sent by entities other than Nationstar, and (3) claims for emotional distress.

## II.

## DISCUSSION

> Because of the unique due process concerns relating to absent class members and the inherent risk of collusion between class counsel and defense counsel, Federal Rule of Civil Procedure 23(e) requires district courts to review proposed class action settlements for fairness, reasonableness, and adequacy. Prior to Congress' 2018 codification of a new multifactor test for this review,

the Ninth Circuit applied a number of factors in assessing whether a proposed settlement was fair, reasonable and adequate. *Roes v. SFSBC Management, LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019). Those factors included:

> "[1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement."

*Id.* (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009)). Rule 23(e) now states the court may approve a class action settlement

> only on finding that it is fair, reasonable, and adequate after considering whether:
>
> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> > (i) the costs, risks, and delay of trial and appeal;
> >
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;
> >
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> >
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). "'To survive appellate review, the district court must show it has explored comprehensively all factors, and must give a reasoned response to all non-frivolous objections.'" *In re Volkswagen 'Clean Diesel' Marketing, Sales Practices, and Products Liability Litig.*, 895 F.3d 597, 612 (9th Cir. 2018) (quoting *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012)). The Court addresses the Tolands' objections and all of the other relevant factors below.

**A.  Standing**

Before turning to the Tolands' objections, Plaintiff argues initially the Tolands lack standing to object to the settlement because they did not receive any letters from Nationstar. It appears the Tolands received letters from Veripro, not Nationstar, but that does not necessarily mean they are not members of the class. Clearly, the Settlement Administrator

7

considered the Tolands to be class members as they received notice of the settlement. That determination having been made, Plaintiff cannot now assert the Tolands are not class members. Accordingly, the Court rejects this argument, and finds the Tolands have standing to object.

**B.     Objections to the Notice**

Turning to those objections, the Tolands first object to the Class Notice. As stated above, they argue the Notice (1) did not provide adequate information about the settlement, (2) did not provide contact information for Class Counsel or the Settlement Administrator, (3) did not provide sufficient information about objections, specifically when and how to file them, and (4) does not satisfy Federal Rule of Civil Procedure 23(h).

"Notice provided pursuant to Rule 23(e) must 'generally describe[ ] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (quoting *Rodriguez*, 563 F.3d at 962). With just one exception, the Notice in this case meets that standard. It explains the relief available to class members under the settlement, their rights to opt-out and their right to object. It sets out the factual and legal basis for that relief and the class definition. It describes the proposed service award to Plaintiff, the amount of attorneys' fees requested and the source of those funds, and identifies Class Counsel. It explains what rights the class members will be giving up in exchange for their receipt of the $150, explains how to opt-out, the details of the fairness hearing, and how to get more information. The Tolands are correct that the Settlement Administrator did not set up a settlement website and that it did not provide specific contact information for Class Counsel, but neither of those things is required. And as for Class Counsel, the Notice identified them by name and law firm, which would have enabled any interested class member to find counsel's contact information. Accordingly, these objections to the Notice are overruled.

The Tolands' other objection to the Notice, *i.e.*, the exception mentioned above, concerns the details for objecting to the settlement. As stated above, the Notice informed

class members of their right to object and how to object, but unlike with opt-outs, it did not identify the deadline by which any objections were to be filed. This information was an important detail that should have been included in the Notice. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (noting inclusion of objection deadline in discussing whether notice violated Rule 23 or due process). Accordingly, the Court sustains this objection.

The Tolands also object to the Notice on the ground it fails to comply with Federal Rule of Civil Procedure 23(h). That Rule requires that notice of a motion for attorneys' fees "must be served on all parties and for motions by class counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). The Tolands argue this Rule requires that the motion itself be provided to class members, but the Court disagrees. The plain language of the Rule requires that "notice" of the motion be served, and here, notice of the motion was provided to the class. Accordingly, the Court overrules this objection.

**C.    Objections to the Settlement**

Turning to the terms of the actual settlement, the Tolands argued in their original objections that Class Counsel failed to address the *Churchill* factors. However, it appears Class Counsel addressed those factors in their motion for final approval. Accordingly, the Court overrules this objection.

The Tolands also object that the settlement does not reimburse class members who made payments to Nationstar. Class Counsel responds there is no evidence any class members made unlawful payments to Nationstar, and thus this objection is invalid. The Court agrees with Class Counsel, and thus overrules this objection also.

Next, the Tolands argue Class Counsel failed to analyze the factors relevant to the amount of any statutory damages awarded under the FDCPA and the RFDCPA. However, the Tolands fail to cite any authority that requires either Class Counsel or the Court to analyze these factors in the context of a motion for approval of a settlement. Accordingly, the Court overrules this objection.

The Tolands also object to the settlement on the ground it does not provide for any injunctive relief. Class Counsel and counsel for Nationstar respond that injunctive relief is unnecessary because Nationstar is no longer engaging in the disputed conduct, but even if it was, the settlement does not release future claims. At the hearing, Class Counsel and counsel for Nationstar represented they would be willing to modify the settlement agreement to clarify that the release does not bar claims based on future conduct. That modification should resolve this objection, but the Court invites Counsel to consider including an injunctive relief component as part of their modifications to the settlement agreement.

Next, the Tolands object to Class Counsel's failure to disclose the terms of a separate settlement agreement between Mr. McCoy and Nationstar concerning his claim for emotional distress. Notably, this agreement was not disclosed to the Court in the motion for preliminary approval. Indeed, the first mention of the agreement was in Plaintiff's motion for final approval, which was filed after the Tolands' first set of objections. It appears Class Counsel disclosed the agreement pursuant to Federal Rule of Civil Procedure 23(e)(3), which requires the parties seeking approval of a settlement "file a statement identifying any agreement made in connection with the proposal." Fed. R. Civ. P. 23(e)(3). Pursuant to counsel's offer at the hearing, the Court ordered that this agreement by produced to the Court *in camera*.[1] The Court has now reviewed the agreement, and overrules the Tolands' objections. Generally, the agreement settles Mr. McCoy's individual emotional distress claim, which was carved out of class treatment, and as indicated below, the settlement agreement allows other class members to pursue their individual emotional distress claims if they wish to do so. Furthermore, the agreement was

---

[1] The Tolands argued that the agreement must be produced to the class, but they failed to cite any authority to support that argument. Other courts have reviewed similar agreements *in camera*, *see*, *e.g.*, *Rowe v. E.I. DuPont de Nemours and Co.*, Nos. 06-1810 (RMB/AMD), 06-2080 (RMB/AMD), 2011 WL 3837106, at *5 (D.N.J. Aug. 26, 2011), and the Court finds that sufficient in this case, as well.

negotiated with the assistance and oversight of the Magistrate Judge, and the payment on Mr. McCoy's individual claim is separate from and does not come out of the settlement fund for the class claims. For these reasons, the Court is satisfied that the agreement does not evidence any collusion between Nationstar and Class Counsel and/or Mr. McCoy.

The Tolands' other objections concern the scope of the release, specifically, they object that, as currently worded, the release bars the Tolands' claims against Veripro, claims based on letters sent by entities other than Nationstar, and claims for emotional distress. At the hearing, counsel for the Class and counsel for Nationstar represented they would be willing to modify the settlement agreement to address these concerns.

## D.     Other Factors

Aside from the Tolands' objections, the Court has considered the *Churchill* factors and the factors set out in Rule 23(e)(2), and finds the settlement is otherwise fair, reasonable and adequate. As set out in the Court's class certification order, Plaintiff and his counsel have adequately represented the class in this case. They litigated the case for nearly five years, battling through discovery and motion practice. They negotiated the settlement at arm's length with the assistance of the Magistrate Judge based on a full understanding of the facts and the law and the risks that remained if the case proceeded to trial. Given those risks, and the FDCPA's $500,000 cap on statutory damages, *see* 15 U.S.C. § 1692k(a)(2)(B), the proposed settlement, which provides for payment of $150 to every class member without the need to submit a claim, and payment of attorneys' fees separately from payment to the class, is fair, reasonable and adequate.

## III.
## CONCLUSION

In light of the discussion above, the Court grants final approval of the settlement, subject to the following conditions:

(1) Pursuant to their agreement and representations at the hearing, Class Counsel and counsel for Nationstar shall modify the settlement agreement to clarify that the release does not cover (a) claims for future misconduct on the part of Nationstar, (b) the claims at issue

11

in the Tolands' case, (c) claims based on letters sent by entities other than Nationstar, and (d) claims for emotional distress;[2]

    (2) Notice of the modified settlement agreement is provided to the Class, and class members are provided an additional opportunity to opt-out or object to the settlement, with specific deadlines for each of those options; and

    (3) No further valid objections to the settlement are received after re-notice.

Counsel shall file a status report with the Court on or before **April 14, 2020**, indicating whether they will be fulfilling these conditions, and if so, set out the deadlines identified above and propose a date for a continued hearing on final approval.

**IT IS SO ORDERED**.

DATED: March 31, 2020

DANA M. SABRAW
United States District Judge

---

[2] Counsel may also want to modify the agreement to reflect the new total of the settlement fund for class members given the Tolands' objection that the settlement fund, as currently stated, is incorrect.